UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| ALEX CASTRO,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>       Plaintiff,<br>  v<br><br>ALLTRAN FINANCIAL, LP,<br><br>       Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Alex Castro [hereinafter "Castro"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Alltran Financial, LP ("Alltran"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Alltran's regular transaction of business within this district. Venue in this district also is proper based on Alltran possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Alltran also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Castro is a natural person who resides at 34 Marsha Lane, Bay Shore, NY 11706.

6. Castro is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about September 7, 2017, Alltran sent Castro the letter annexed as Exhibit A. Castro received and read Exhibit A. For the reasons set forth below, Castro's receipt and reading of Exhibit A deprived Castro of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Alltran sent Exhibit A to Castro in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Chase Bank USA, N.A. for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. Alltran, via Exhibit A, attempted to collect this past due debt from Castro in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Alltran is a Texas Limited Partnership and a New York Foreign Limited Partnership.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Alltran possesses a license from the New York City Department of Consumer Affairs to operate as a

"Debt Collection Agency".

12. Based upon Exhibit A and upon Alltran possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ARS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Alltran sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth the following: "Current Amount Due: $6,747.41".

17. If on the date of Exhibit A Chase Bank USA, N.A. was not accruing interest, late charges, and/or other charges on the "Current Amount Due" set forth in Exhibit A, then Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A using the phrase "Current Amount Due" or describing the amount due as the "current" amount due.

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

19. Exhibit A sets forth the following: "Current Amount Due: $6,747.41".

20. Upon information and belief, Chase Bank USA, N.A. continued to accrue interest, late charges, and/or other charges on the "Current Amount Due" set forth in Exhibit A.

21. Exhibit A failed to notify Castro that his "Current Amount Due: $6,747.41" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) by sending Exhibit A to Castro.

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Describing the amount due as the "current" amount due without any other information regarding the amount due in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10) and/or insufficiently sets forth the amount of the debt in violation of 15 USC 1692g(a)(1).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A amounted to a false, deceptive or misleading means in connection with the

collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

28. By sending Exhibit A to Castro, Alltran violated 15 USC 1692g.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

30. The class consist of (a) all natural persons (b) who received a letter from Alltran dated between September 7, 2017 and September 7, 2018, (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

31. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

33. The predominant common question is whether Defendant's letters violate the FDCPA.

34. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

35. A class action is the superior means of adjudicating this dispute.

36. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Alltran in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: September 7, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107